# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMUEL PAUL QUAKENBUSH,          )<br>                                                         )<br>                         Plaintiff,      )<br>                                                         )<br>v.                                                      )<br>                                                         )<br>ANDREW M. SAUL,                          )<br>Commissioner of Social Security,   )<br>                                                         )<br>                         Defendant.    )<br>_____ ) | CIVIL ACTION<br><br>No. 19-4111-KHV |

## MEMORANDUM AND ORDER

On February 18, 2020, plaintiff filed what was purportedly a proof of service of the complaint and summons on defendant. See Summons In A Civil Action [And Proof Of Service] (Docs. #4 and #5). Defendant did not answer or otherwise respond. Therefore, the Court ordered the Commissioner of Social Security to show cause why the Court should not direct the Clerk to enter default against him. See Order To Show Cause (Doc. #6) filed April 29, 2020. This matter is before the Court on Defendant's Response To The Court's Order Of Show Cause (Doc. #9) filed May 13, 2020 and plaintiff's Unopposed Motion For Additional Time To Serve The United States Attorney's Office And United States Attorney General Pursuant To Federal Rules Of Civil Procedure 4(i)(4)(B) And 4(m) (Doc. #7) filed May 8, 2020. For reasons stated below, the Court sustains plaintiff's motion to extend the deadline to serve defendant and finds that defendant has shown good cause why default should not be entered.

The parties agree that despite plaintiff's purported summons and proof of service, plaintiff has not accomplished proper service under Rule 4, Fed. R. Civ. P. In particular, plaintiff has not served either the United States Attorney's office for the District of Kansas or the United States Attorney General. See Fed. R. Civ. P. 4(i)(1)(A)-(C) (to serve United States in action challenging

agency decision, party must (A)(i) deliver copy of summons and complaint to U.S. attorney for district where action is brought—or to assistant U.S. attorney or designee—or (ii) send copy of each by mail to civil-process clerk at U.S. attorney's office; (B) send copy of each by mail to Attorney General of United States and (C) send copy of each by mail to agency or officer). Accordingly, defendant has shown good cause why the Clerk should not enter default.

Under Rule 4(m), Fed. R. Civ. P., plaintiff had 90 days from filing the complaint to serve defendant with the summons and complaint.  If a plaintiff does not timely serve defendant, the Court may dismiss the action without prejudice or order that plaintiff effect service within a specified time.  Fed. R. Civ. P. 4(m).  If plaintiff shows good cause for the failure to serve defendant within 90 days, the Court will extend the time for service.  Id.  Absent a showing of good cause, the Court may still grant a permissive time extension or dismiss the case without prejudice.  Id.

Plaintiff seeks an additional 30 days to accomplish service and notes that by mistake, he only served the Commissioner.  Defendant does not oppose plaintiff's request to extend the deadline for service.  In these circumstances, the Court grants an additional 30 days for plaintiff to accomplish service on defendant.

**IT IS THEREFORE ORDERED** that defendant has shown good cause why default should not be entered.

**IT IS FURTHER ORDERED** that plaintiff's Unopposed Motion For Additional Time To Serve The United States Attorney's Office And United States Attorney General Pursuant To Federal Rules Of Civil Procedure 4(i)(4)(B) And 4(m) (Doc. #7) filed May 8, 2020 is **SUSTAINED**.  **On or before June 18, 2020, plaintiff shall accomplish service under Rule 4 of the Federal Rules of Civil Procedure.  On or before June 19, 2020, plaintiff shall file proof of**

-3-

**such service.  If plaintiff does not accomplish service and file the required proof of service by this deadline, without further notice, the Court will dismiss this case without prejudice.**

Dated this 19th day of May, 2020 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge